# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ALAA IBRAHIM ALMANDIL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. RADEL, Los Angeles Asylum Office, Acting Director, U.S. Citizenship, et al.,<br><br>Defendants. | Case No.:  15cv2166 BTM (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Currently before the Court is Defendants' motion to dismiss Plaintiff's Complaint. (ECF No. 3.) Plaintiff did not file an opposition to Defendants' motion. For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff Hassan Alaa Ibrahim Almandil ("Almandil") is a native and citizen of Iraq who entered the United States as a B-2 visitor in December 2014. (Compl., ECF No. 1, ¶ 5.) On March 4, 2015, Almandil filed an application for asylum with the Department of Homeland Security, pursuant to Form I-589. (Compl. ¶ 6.) Almandil provided biometrics on March 15, 2015, but has yet to be scheduled for

an interview or receive adjudication on his application. (Compl. ¶¶ 7, 9.)

Almandil filed his Complaint on September 28, 2015, seeking an order of mandamus from this Court directing Defendants to process his application. The Complaint alleges violations of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., for unlawful and unreasonable delay in processing Almandil's application and for failing to carry out Defendants' adjudicative and administrative functions. Defendants filed a motion to dismiss on December 1, 2015, arguing that Almandil's claims fail both under the Administrative Procedures Act and the Mandamus Act.

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

Almandil's Complaint requests "relief in the nature of mandamus." (Compl. p. 1). Although Almandil never specifically mentions the Mandamus Act, Defendants posit that Almandil seeks relief under both the Mandamus Act and the Administrative Procedures Act.

**A.   Mandamus Act**

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 (2004) (quoting Ex parte Fahey, 332 U.S. 258, 259-60 (1947)). A party requesting a writ of mandamus must satisfy three conditions: the party must have no other adequate means to attain relief; the party's right to issuance of the writ must be clear and indisputable; and the issuing court must be satisfied that the writ is appropriate under the circumstances. See In re United States, 791 F.3d 945, 954-55 (9th Cir. 2015).

Here, Almandil does not have a right to seek mandamus relief. Almandil's Complaint seeks judicial action to compel compliance with certain asylum procedures. Specifically, 8 U.S.C. § 1158(d)(5) provides in part that, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii).

Section 1158(d)(7) states, however, that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). The Ninth Circuit has held that similar statutory language in other sections of the Immigration and

Nationality Act expressly precludes mandamus relief. See Campos v. I.N.S., 62 F.3d 311 (9th Cir. 1995) (holding that identical language precluded mandamus relief under 8 U.S.C. § 1252(i)). The Court sees no reason, and Almandil has not offered any, as to why the language in § 1158(d)(7) should be read differently. See also Alaei v. Holder, No. 15cv8906-ODW, 2016 WL 3024103, at *2 (C.D. Cal. May 26, 2016) (holding that the plaintiff was not entitled to mandamus relief pursuant to § 1158(d)(7)); Pesantez v. Johnson, No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) (same).

For these reasons, the Court concludes that Almandil is not entitled to mandamus relief.

## B.   Administrative Procedures Act

Although the Court concludes that relief is unavailable under the Mandamus Act, Almandil may still bring an action against an agency under the Administrative Procedures Act ("APA").

The Administrative Procedures Act provides, in part, that a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a reviewing court can only compel agency action "if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." Vietnam Veterans of Am. v. Cent. Intelligence Agency, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63-64 (2004)). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" Vietnam Veterans, 811 F.3d at 1075-76 (quoting Hells Canyon Pres. Council v. U.S. Forest Serv., 593 F.3d 923, 932 (9th Cir. 2010)).

Here, Almandil alleges that the seven month delay in processing his asylum application is unreasonable and requests that the Court compel agency

action. Specifically, Almandil notes that in the time his application has been pending, "the DHS has examined thousands of other applicants on their asylum applications and adjudicated those applications." (Compl. ¶ 9.) Defendants argue that the delay in this case is not unreasonable given the backlog of applications currently pending before the agency.

Courts are instructed to apply the so-called "TRAC factors" when determining whether an agency's delay is reasonable. The TRAC factors include:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonable delayed.

Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984)).

The first and second factor slightly favor Almandil. Congress has specified that the initial interview should commence within 45 days, and final adjudication shall be completed within 180 days." See 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii). However, even though Almandil's application has been pending for over a year, other courts have found similar and longer administrative processing delays to be reasonable. See, e.g., Alaei, 2016 WL 3024103 (finding one and one-half year delay reasonable); Pesantez, 2015 WL 5475655 (finding a one year-delay reasonable); Singh v. Napolitano, 909 F. Supp. 2d 1164 (E.D. Cal. 2012) (finding a four-year delay reasonable). Thus, these factors only slightly favor Almandil.

     The third and fifth factors favor Defendants. Almandil has not alleged any specific harm he sustained or continues to sustain as a result of the Defendants' failure to adjudicate his application. Almandil only makes the bare allegation that "Plaintiff has been greatly damaged . . . ." (Compl. ¶ 13.) As Defendants note, Almandil is not in danger of deportation while his asylum application is pending. Moreover, Almandil may apply for work authorization given that his application has been pending for more than 180 days. See 8 U.S.C. § 1158(d)(2).

     Under the fourth factor, the D.C. Circuit has stated that a judicial order compelling agency action is improper when "putting [an individual] at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Laboratories, Inc., 930 F.3d 72, 75 (D.C. Cir. 1991)). Defendants indicate in their opposition that the agency adjudicates affirmative asylum application in the order in which they were received, starting with the oldest first. As above, Almandil makes only the bare allegation that "similar cases have been completed expeditiously." (Compl. ¶ 10). Almandil does not specifically allege that applications filed concurrent or more recently than his application have been adjudicated. This factor also favors Defendants.

     Considered together, the TRAC factors favor Defendants.[1]

//
//
//
//
//
//

---

[1] Defendants also argue that the timing provision in § 1158(d)(5)(A)(ii) is not an unequivocal command because the statute does not specify a consequence should the agency fail to comply with the provision. Because the Court concludes that the delay is not unreasonable, the Court need not address this argument.

## III. CONCLUSION

For these reasons, Almandil has not alleged facts sufficient to claim that Defendants' delay in adjudicating his asylum application is unreasonable. Defendants' motion to dismiss is **GRANTED** and Almandil's claims are **DISMISSED without prejudice**. Almandil shall have 15 days from the filing of this order to file an amended complaint.

**IT IS SO ORDERED.**

Dated:  July 18, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court

7

15cv2166 BTM (BGS)